IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Tawanda Blair, on behalf of IAS,<br>　　Plaintiff,<br><br>　　　v.<br><br>Commissioner of Social Security<br>Administration,<br>　　Defendant. | Case No. 8:11-cv-01839-RMG-JDA<br><br>**REPORT AND RECOMMENDATION**<br>**OF MAGISTRATE JUDGE** |

Plaintiff is proceeding pro se on behalf of her minor child and brought this action on June 14, 2011 in the United States District Court for the Middle District of Alabama to obtain judicial review of a final decision of the Commissioner of Social Security. [Doc. 1-1.] On July 28, 2011, the case was transferred to the District of South Carolina. [Doc. 1.] Defendant filed a motion to dismiss on February 21, 2012. [Doc. 35.] On March 14, 2012, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment/dismissal procedure and the possible consequences if she failed to respond adequately. [Doc. 37.] The *Roseboro* Order was returned as undeliverable and unable to forward on March 27, 2012. [Doc. 40.] The Court resent the *Roseboro* Order to Plaintiff on March 27, 2012, setting a response date for May 3, 2012. [Doc. 45.] Despite the explanation of the summary judgment/dismissal procedure and the possible consequences for failing to respond, Plaintiff did not respond to the motion to dismiss.

"The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (citing Fed. R. Civ. P. 41(b)). "Federal courts possess an inherent authority to

dismiss cases with prejudice *sua sponte*." *Gantt v. Md. Div. of Corr.*, 894 F. Supp. 226, 229 (D. Md. 1995) (citing *Link v. Wabash R. Co.*, 370 U.S. 626 (1962); *White v. Raymark Indust., Inc.*, 783 F.2d 1175 (4th Cir. 1986); *Zaczek v. Fauquier Cnty., Va.*, 764 F. Supp. 1071, 1074 (E.D. Va.1991)).

The Fourth Circuit, in *Davis v. Williams*, recognizing that dismissal with prejudice is a harsh sanction that should not be invoked lightly, set forth four factors for determining whether Rule 41(b) dismissal is appropriate:

(1) the degree of personal responsibility on the part of the plaintiff;

(2) the amount of prejudice to the defendant caused by the delay;

(3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and

(4) the effectiveness of sanctions less drastic than dismissal.

588 F.2d 69, 70 (4th Cir. 1978) (citing *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976)). Subsequently, however, the Fourth Circuit noted that "the four factors . . . are not a rigid four-pronged test," and whether to dismiss depends on the particular circumstances of the case. *Ballard*, 882 F.2d at 95. For example, in *Ballard*, the court reasoned that "the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order is a critical fact that distinguishes this case from those cited by appellant. . . . In view of the warning, the district court had little alternative to dismissal. Any other course would have placed the credibility of the court in doubt and invited abuse." *Id.* at 95–96.

As Plaintiff is proceeding pro se, she is personally responsible for her failure to respond to the motion to dismiss. Over ten months have passed since the case was first filed in the District of Alabama, and over two months have passed since Defendant filed the motion to dismiss. Moreover, Plaintiff failed to keep the Court advised of any changes in address as directed by this Court's Order dated August 12, 2011, despite being advised that the case may be dismissed for violating that Order. [Doc. 10.] Finally, on March 27, 2012, Plaintiff filed a document stating she wished to close the case. [Doc. 39.] Although she later filed a document stating she wished to proceed with the case [Doc. 42], she has now failed to respond to Defendant's motion to dismiss. The Court has warned Plaintiff that the motion would be granted, ending Plaintiff's case, if she failed to respond adequately. [Doc. 37.] Despite this explanation, Plaintiff has elected not to respond. Because Plaintiff has already ignored Orders and deadlines set by the Court, sanctions less drastic than dismissal would not be effective.

Wherefore, based upon the foregoing, the Court recommends that Defendant's motion to dismiss be GRANTED and the case be DISMISSED.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

May 4, 2012
Greenville, South Carolina