# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Tawanda Blair, on behalf of IAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 8:11-1839 |
| vs. ) | |
| ) | |
| Commissioner of Social Security ) | |
| Administration, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

Plaintiff, proceeding *pro se*, seeks judicial review of the denial of Social Security benefits to her minor child, IAS. Plaintiff initially applied for benefits for IAS on June 22, 2009, which was denied by the Social Security Administration, and a timely appeal was filed for a hearing before an administrative law ("ALJ"). On October 5, 2011, the ALJ denied Plaintiff's application for benefits and Plaintiff then filed a timely request for review by the Appeals Council. While the request for review was before the Appeals Council, Plaintiff brought this action the United States District Court for the Middle District of Alabama. The case was thereafter transferred to the District of South Carolina. (Dkt. No. 1). Defendant subsequently moved to dismiss this action for lack of jurisdiction because there was no final agency decision since the Plaintiff filed her request for judicial review while the matter was still pending before

-1-

the Appeals Council. (Dkt. No. 35-1).[1]

This matter was initially referred to the Magistrate Judge for pre-trial handling pursuant to 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C. Upon the filing of Defendant's motion to dismiss, the Magistrate Judge issued a *Roseboro* Order advising Plaintiff that if she failed to file objections "the court may grant the defendant's motion, which may end your case." (Dkt. No. 37 at 1). The *Roseboro* Order was returned undelivered and the Clerk's office followed up with Plaintiff and learned that she had failed to pay her post office box fee. The Clerk's office was advised she could now receive mail at her post office box and the Order was again sent to her. (Dkt. Nos. 41, 45). Plaintiff advised the Court that she wished to dismiss her case and a few days later wrote the Court and indicated she wished to go forward with her case. (Dkt. Nos. 39, 42). Plaintiff did not, however, file any objection to Defendant's motion to dismiss.

The Magistrate Judge issued a Report and Recommendation on May 4, 2012 recommending that Defendant's motion to dismiss be granted. (Dkt. No. 46). Plaintiff was advised that if she failed to make specific written objections to the Magistrate Judge's R & R within 14 days of service she would be entitled to limited judicial review and waive her right to appeal. (Dkt. No. 46-1 at 1). Plaintiff has filed no written objections to the R & R.

The Court has reviewed the R & R, the record before the Court and the applicable case law. The Court finds that the R & R comprehensively addresses the factual and legal issues before the Court and hereby **ADOPTS** the R & R as the order of the Court. Therefore, the Court

---

[1] The general rule in Social Security appeals is that exhaustion of administrative remedies is essential to obtain federal court review "as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors." *Weinberger v. Salfi*, 422 U.S. 749, 765 (1975).

**DISMISSES** this action **WITH PREJUDICE.**[2]

AND IT IS SO ORDERED.

Richard Mark Gergel
United States District Judge

Charleston, South Carolina
May 22, 2012

---

[2] This dismissal with prejudice is in regard to the Court's lack of jurisdiction because of the premature filing of the federal court action while the matter was still pending before the Appeals Council. This order does not affect Plaintiff's right to file a timely appeal should the Appeals Council fail to provide her relief in regard to Social Security benefits sought by her minor child, IAS.